James E. Mercante, Esq.
Michael E. Stern, Esq.
**RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP**
630 Third Ave., 3rd Floor
New York, NY 10017
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

IN THE MATTER OF THE COMPLAINT

   -Of -

DEIGHTON CLEVE TAYLOR, as Owner
of a 2017, 42-foot Jeanneau sailboat
for Exoneration from or Limitation of Liability

                        Petitioner.

_____

Civil Action No.: 22-cv-2714

**COMPLAINT FOR**
**EXONERATION FROM OR**
**<u>LIMITATION OF LIABILTY</u>**

       Deighton Taylor, as Owner of a 2017 42-foot Jeanneau sailboat, by and through his attorneys Rubin, Fiorella, Friedman & Mercante LLP, as and for his Complaint for Exoneration from or Limitation of Liability, alleges upon information and belief as follows:

<u>**JURISDICTION AND VENUE**</u>

   1.  This is a proceeding for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.*, involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, as hereinafter more fully appears ("Limitation Action").

   2.  The Court has admiralty and maritime jurisdiction over this proceeding pursuant to Article III, Section 2 of the Constitution of the United States and 28 U.S.C. § 1333, because the

incident involved a vessel operating upon the navigable waters of the United States, more specifically in the Long Island Sound, in New York, and this satisfies the requirements for invoking the Court's admiralty jurisdiction.

3.   Venue in this district is proper because a related action is presently pending in the United States District Court, Southern District of New York, *Kimberly Britton v. Deighton Taylor*, Civ. No. 21-civ-9527.

## THE PARTIES

4.   Petitioner Deighton Taylor, at all pertinent times was and is an individual domiciled in the State of New York.

5.   Petitioner was and is the Owner of a 2017 Jeanneau 419 Sun Odyssey ("the vessel").

6.   On September 3, 2021, the vessel was upon the navigable waters of the United States, on the Long Island Sound, New York.

7.   Prior to getting underway in the Long Island Sound, Petitioner examined the navigation charts issued by the National Oceanographic and Atmospheric Administration ("NOAA") depicting the area within the Long Island Sound, that he was going to be sailing in.

8.   Petitioner has sailed in these waters on a number of prior occasions and was fully familiar with the navigation channel and charted underwater obstructions.

9.   On September 3, 2021, Petitioner operated the vessel in areas of the Long Island Sound known to him as being within the navigation channel and without charted underwater obstructions.

10. Despite operating the vessel in areas safe for navigation and without charted underwater rocks or obstructions, the vessel made contact with a submerged and uncharted object or rock.

11. The submerged object or rock was not visible above the waterline.

12. Claimant Kimberly Britton alleges that she was injured while aboard the vessel when it made contact with a submerged and uncharted object or rock.

13. The incident resulted in potential allegations of personal injury including claims by Kimberly Britton and Everard Davis.

14. The voyage ended after the incident and the vessel returned to shore.

15. The vessel was well maintained and equipped for the voyage.

16. Any claims for loss, damage and/or injury arising from the incident were not due to any fault, neglect, or want of care on the part of petitioner.

17. Any claims for loss, damage and/or injury arising from the incident were solely caused by the acts, omissions, and/or negligence of third-parties for whom petitioner are not responsible, and not due to any fault, neglect, or want of care on the part of petitioner.

18. If any fault caused or contributed to the claims for loss, damage and/or injury arising from the incident, which is denied, such fault, neglect, or want of care was occasioned and occurred without petitioner's privity or knowledge. Petitioner acted reasonably under the circumstances.

19.  The value of the vessel after the incident was $200,000 (Exhibit "A").

20.  Petitioner offers an *Ad Interim* Stipulation for value totaling the amount of $200,000, said amount not less than petitioner's interest in the value of the vessel on the date of the incident, for payment into Court whenever the same shall be ordered after motion, as provided for by the aforesaid statute, and by Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, and by the rules and practices of this Court.  (Exhibit "B", *Ad Interim* Stipulation for Value).

21. The nature of the alleged claims have an amount that may exceed the value of petitioner's interest in the vessel on the date of the incident.

22.  Petitioner commences this proceeding within six months of receiving written notice of claim.

23. Petitioner is entitled to exoneration from liability for any claims arising from the aforementioned incident, and from any and all claims that have been or may hereafter be made.

24. Petitioner claims, in the alternative, the benefit of limitation of liability to the value of the vessel provided by 46 U.S.C. §30501 *et seq*., and the various statutes supplementary thereto and amendatory thereof.

WHEREFORE petitioner prays:

(1)  That this Court issue an Order to include the following:

a.  Directing the issuance of Notice to all persons asserting claims with respect to the September 3, 2021 incident, which this Complaint seeks Exoneration from or Limitation of Liability, to file their respective claims with the Clerk of this Court and to serve undersigned counsel for petitioner a copy hereof on or before a date to be named in the Notice.

b.  Directing petitioner to file an *Ad Interim* Stipulation for Value as security for the benefit of any and all claimants, in the amount of petitioner's interest in the value of the vessel as of the date of the incident, with interest at the rate of 6% *per annum* from the date of said security or whenever the Court shall so order.

c.  Directing that upon petitioner's filing of the *Ad Interim* Stipulation for Value, an injunction shall issue (Restraining Order) enjoining the prosecution against petitioner, his representatives, insurer, and the vessel, of any and all claims, suits,

actions, motions or proceedings, whether or not already begun, with respect to the incident, except in this proceeding.

(2) That this Honorable Court adjudge that petitioner is not liable for any claims for loss, damage and/or injury arising out of the September 3, 2021 incident, and are therefore entitled to exoneration from liability.

(3) If petitioner is adjudged liable, that such liability be limited to the petitioner's interest in the value of the vessel as of the date of the incident in the maximum amount of $200,000, and that petitioner be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured as aforesaid, to be divided *pro rata* according to the above-mentioned statutes among such claimant(s) as may duly prove their claim saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging petitioner from all further liability.

(4) That petitioner may have such other and further relief as justice may require.

Dated: New York, New York
April 1, 2022

**RUBIN, FIORELLA, FRIEDMAN**
**& MERCANTE LLP**
*Attorneys for Petitioner*

By:  *Michael E. Stern*
Michael E. Stern, Esq.
630 Third Avenue, 3rd Floor
New York, NY 10017
Tel: 212-953-2381
Fax: 212-953-2462
E-Mail:: mstern@rubinfiorella.com
Our File No.: 0843.42964
